Aldrich<br>*v.*<br>Holden.<br><u>Oct. 6th.</u>

*Oct. 10th*

———

## ZURI WILLIAMS *versus* JOEL HATHAWAY, JUNIOR.

Where a parcel of land represented as containing fifteen acres, was sold for $ 5·5 by the acre, but the vendor's deed set forth, that in consideration of the payment of the sum of $ 75·75, he thereby conveyed to the vendee the parcel in question, " containing fifteen acres ", described by metes and bounds, and there proved to be a deficiency in the quantity of the land, it was *held*, that the vendee could not recover back any portion of the consideration paid, all prior proposals and stipulations being merged in the deed.

A subsequent promise by such vendor, that, if there should be a deficiency in the quantity of the land, he would make it right, is void, as not being founded on a sufficient legal consideration.

ASSUMPSIT, to recover back money paid to the defendant by the plaintiff on the purchase of certain land.

At the trial, in the Common Pleas, before *Williams* J., it appeared that the parcel of land in question, which originally belonged to the defendant, was offered for sale by public auction, on the 20th of April, 1827, it being estimated and represented to contain fifteen acres ; that it was struck off to the plaintiff for $ 5·05 by the acre, on that estimate ; that the deed

Williams
*v.*
Hathaway.

of the land from the defendant set forth, that, in consideration of the sum of $75·75, paid him by the plaintiff, he thereby conveyed to the plaintiff the land in question, " containing fifteen acres ", described by metes and bounds ; that there was no agreement at the time of the sale or of the execution of the deed, that the land should be measured for the purpose of ascertaining the quantity ; and that by an admeasurement made in January 1837, it fell short of the estimate by one acre and fifty-five rods.

It further appeared, that, in 1832, the defendant said, that if the land did not hold out the fifteen acres, he would make it right.

The judge, being of opinion that the action could not be sustained, ordered a nonsuit to be entered.    The plaintiff, thereupon, excepted.

*Oct. 7th.*       *Brooks*, for the plaintiff.

*Newton* and *Weed*, for the defendant, cited *Powell* v. *Clark*, 5 Mass. R. 355.

*Oct. 10th.*      *Per Curiam.*    By the deed, which is made part of this case, it appears, that the plaintiff paid a certain sum of money for the whole land described and identified ; and by the rules of law, when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties.    If the purchaser was not satisfied, that the tract contained so large a quantity as it was estimated at, he should have had it measured before he took his deed and made his payment.    It must now be understood, from the deed, either that it was in fact measured, or that the parties were content to estimate it at fifteen acres, and settle at that rate, whether more or less.    And if the tract described had contained more than fifteen acres, there is no doubt that it would have passed by the deed, and the grantor would have had no remedy, for the excess ; the deed would be as conclusive upon him, as we think it now is on the plaintiff.

·As to the defendant having said that if the land did not hold out fifteen acres he would make it right, it can hardly be deemed a promise, not being said to the plaintiff ; but if it was, it

was made upon no legal consideration, and was not, therefore, the ground of an action.

*Exceptions overruled and the judgment of the C. C. P. affirmed.*